Ernest Hughes v. The State.

No. 9355—Delivered June 24, 1925.

Murder—Charge of Court—Mutual Combat—Error.

Where on a trial for murder, the law of mutual combat should never be given in the charge, unless clearly raised by the evidence. The issue of mutual combat is a limitation upon the right of self-defense, and does not arise alone from the fact that the parties to the affray are mutually engaged in it, but the issue arises out of an antecedent agreement to fight, and before there can be the issue of mutual combat the testimony must show that the agreement exists. See Carson v. State, 230 S. W. 997 and cases there cited.

Appeal from the District Court of Smith County. Tried below before the Hon. J. R. Warren, Judge.

Appeal from a conviction of murder; penalty, eight years in the penitentiary.

The opinion states the case.

*Butler, Price & Maynor,* and *Gentry & Gentry,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, Judge.—The appellant was convicted in the district court of Smith County for the offense of murder and his punishment assessed at eight years confinement in the penitentiary.

Deceased in company with his sister and other parties were returning home from an entertainment and according to the State's version, the appellant was with another party and that they came up and appellant was cursing, but cursing no one in particular, that Fred James, one of the parties in deceased's crowd rebuked appellant for cursing and told him to stop it and appellant went on up the road and immediately he came back down the road and was still cursing and the deceased called him down and said to him "Hey, boy, there are some ladies along here" and appellant said "Damn the ladies,

show me one.'' The deceased in a friendly way called him down for cursing, and merely said to him to quit cursing that there were some ladies along, and defendant said ''damn the ladies show me one'' and said ''if you want anything just crawl on'', at the time appellant said this, he, appellant, was going toward deceased and deceased was standing still and when appellant got to deceased they clinched and fell and appellant asked deceased to get up and they both got up and there were two hard licks hit and deceased fell to the ground with a knife wound in his person from which he died.

Appellant's theory was, and it found support in his own testimony that he acted in self defense. Under this state of the record the trial court gave the following as a part of his charge:

''You are further instructed a mutual combat is where the parties voluntarily engage in an encounter; and where they do so the right of self-defense is cut off. So in this case if you shall find beyond a reasonable doubt that the defendant and deceased voluntarily entered into and engaged in an encounter on the occasion of the homicide in question, then the defendant could not claim the right of self-defense and would be guilty of murder or manslaughter, or aggravated assault.''

In our opinion the evidence in this case did not raise the issue of mutual combat; the evidence is utterly lacking in anything indicating any prearrangement between the appellant and the deceased to engage in combat. There is nothing to suggest any ill feeling between them until the very moment they began to fight. It has been held by this court that the issue of mutual combat as a limitation upon the right of self-defense does not arise alone from the fact that the parties to the affray are mutually engaged in it but that the issue arises out of an antecedent agreement to fight, and while the agreement may be proved by either direct testimony or by circumstances, yet before there can be the issue of mutual combat, the testimony must show that the agreement exists. Carson v. State, 230 S. W. 997 and the cases there cited.

Our State's Attorney concedes that the court was in error in giving the charge on mutual combat and in this, we think he is correct.

For the error of the court above indicated, it is our opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.